## No. 713.—VALSAIN A. FOURNET *v.* RODOLPHE BEER.

Where the evidence shows that a lot of sugar has been sold, and a portion of the price agreed upon has been paid in Confederate notes, no action will lie to enforce payment of the balance of the alleged price.  Constitution, Art. 127.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train*, J.  *Gary & Fournet*, for plaintiff and appellee, *Simon & Voorhies*, for defendant and appellant.

TALIAFERRO, J.  The plaintiff alleges that in August, 1863, he sold to the defendant seventeen thousand nine hundred and forty-seven pounds of sugar, at sixty-five cents per pound, amounting to $11,665 55. That he received from the defendant on account $8000, and that the defendant owes him the balance, $3665 55, for which he brings this suit and prays judgment.  The suit was commenced by attachment, the defendant being deemed an absentee.  He appeared by his attorney who moved to set aside the attachment; failing in which, he filed an answer to the merits.  He avers that if he owes the plaintiff anything it can only be in the Treasury notes of the so-called Confederate States, or the equivalent value thereof in January, 1863, in legal currency, that plaintiff's sugar was sold for Confederate Treasury notes, in which notes plaintiff received in part payment for his sugar eight thousand dollars.  Defendant prays that the plaintiff's claim be rejected in whole or in part at his costs.

There was judgment for the plaintiff for the amount claimed with lien on the property attached.

The defendant has appealed.

It is in proof that at the time the sugar was sold the article was selling at Niblett's Bluff where the plaintiff's sugar was sold at twelve cents per pound in specie, and from sixty to sixty-five cents per pound in Confederate money.  It exceeds all power of belief that a merchant and business man, as it appears the defendant was at the time of the purchase of the sugar, would obligate himself to pay sixty-five cents per pound in gold or silver, or in United States currency for sugar when he could purchase the article for twelve cents per pound in silver. The plaintiff introduced himself as a witness and on cross examination said: "Confederate money was not the consideration for the sale of the sugar which I made to Mr. Rodolphe Beer.  The sum of $8000 credited in petition was paid in Confederate money.  The price of sugar at the time was sixty-five cents per pound more or less in Confederate money."

If the contract had been on a specie or legal currency basis, and the parties so understood it, it is not easy to see why the plaintiff received in payment of more than two-thirds of the price, Confederate money. The plaintiff's own evidence is contradictory.  He admits that he received the payment of eight thousand dollars in Confederate money and this raises a strong presumption that the whole price was to be

paid in the same currency. The whole testimony, taken together, points unerringly to the transaction as one in which the parties contracted the one to give and the other to receive Confederate money in discharge of the obligation. The plaintiff by receiving the $8000 in Confederate money, and giving his receipt at the time to be credited on the net proceeds of the lot of sugar, gave credit to the illegal currency.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed.

It is further ordered that this suit be dismissed, the plaintiff paying costs in both courts

Rehearing refused.